UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                                            Case No. **20-CR-01693 JB**

-vs-

**GABRIEL JACOBO-ROSAS,**

        **Defendant.**

## ORDER DENYING MOTION FOR PRETRIAL RELEASE

**THIS MATTER** is before the Court on defendant Gabriel Jacobo-Rosas' opposed Motion for Pretrial Release, filed on January 15, 2021. Doc. 23. The United States opposes the motion. Doc. 26. Mr. Jacobo-Rosas did not file a reply. The Court denies Mr. Jacobo-Rosas' motion for the following reasons.

Mr. Jacobo-Rosas originally was charged in a criminal complaint that was filed on November 13, 2019. Doc. 1. The complaint charged Mr. Jacobo-Rosas with reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b). *Id.* at 1. The complaint explained that Mr. Jacobo-Rosas had been encountered at the Santa Fe County Detention Center under the alias Jose Valdez, but that a comparison of photographs and other identifying information indicated that the defendant's true name was Gabriel Jacobo-Rosas. *Id.* at 2–3. The complaint also stated that Mr. Jacobo-Rosas had been arrested on November 1, 2019 for trafficking a controlled substance, that he had been released from the Santa Fe County Detention Center and

placed on electronic monitoring on November 3, 2019, and that two days later Mr. Jacobo-Rosas removed his electronic monitoring device and was considered a fugitive. *Id.* at 3–4.

On September 10, 2020, a federal grand jury returned an indictment against Mr. Jacobo-Rosas, charging him with possession with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(5)(A), 922(g)(9), and 924; and reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Mr. Jacobo-Rosas was arrested on the indictment on October 9, 2020. Doc. 7. According to the United States, Mr. Jacobo-Rosas attempted to flee when the United States Marshals Service executed the federal arrest warrant. Doc. 26 at 4. The government also asserts that he swung at one of the arresting officers when he was apprehended. *Id*.

Mr. Jacobo-Rosas came before the Court for a detention hearing on October 21, 2020.[1] At the hearing, Mr. Jacobo-Rosas waived his right to a detention hearing and agreed to be detained, although he reserved his right to ask the Court to review the detention order and set conditions of release. Doc. 18. Based on this waiver, the Court detained Mr. Jacobo-Rosas because he had not rebutted the presumption that he should be detained under 18 U.S.C. § 3142(e)(3).

In his motion asking for pretrial release, Mr. Jacobo-Rosas argues that he does not pose a serious risk of flight because he has significant family in New Mexico, has strong ties to New Mexico, and will live with his son, Jesus Munoz, in Albuquerque. Doc. 23 at 1, 4; *see also* Doc. 23-1. He also argues that the government cannot show by clear and convincing evidence that Mr. Jacobo-Rosas poses a danger to the community because he has a "minimal criminal history"

---

[1] Mr. Jacobo-Rosas asked for a continuance from October 16, 2020. Doc. 14.

and will be living with his son.  Doc. 23 at 5.  Although the information provided by Mr. Jacobo-Rosas may be enough to rebut the presumption of detention on which the Court originally relied, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required, and by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

With respect to flight risk, Mr. Jacobo-Rosas completely ignores the information in the criminal complaint and in the pretrial services report showing that he was released from custody on state charges related to this case and immediately absconded from supervision and failed to appear for a state court proceeding.  Doc. 13 at 7.  He remained a fugitive for nearly a year until he was arrested on the federal indictment.  And even then he attempted to evade the law enforcement officers executing the arrest warrant.  Further, he was using an assumed name when he was arrested on the state trafficking charges, most likely so that law enforcement would not discover that he is in the United States illegally.  Mr. Jacobo-Rosas knows that he probably will be removed from the United States after serving any term of imprisonment, which increases his incentive to avoid appearing at future Court proceedings.  And given that he previously was convicted of reentry of a removed alien, the evidence on that count appears to be quite strong.  In short, the evidence is overwhelming that Mr. Jacobo-Rosas poses a serious risk of non-appearance.

With respect to danger to the community, Mr. Jacobo-Rosas' criminal history is not as insignificant as he suggests.  In 1999, Mr. Jacobo-Rosas was involved in an incident that resulted in the death of a child.  Doc. 13 at 5.  It appears that Mr. Jacobo-Rosas was driving a vehicle while under the influence of intoxicating liquor or drugs and then was involved in an accident

which resulted in the death of a child riding in his car.  *See id.*  In 2004, he was arrested for driving under the influence, but was only convicted of three more minor offenses.  *Id.*  In 2008, he was convicted of assault against a household member.  *Id.* at 6.  In 2014, he was convicted in this Court of reentry of a removed alien.  *Id.*  Mr. Jacobo-Rosas was arrested in 2016 for receiving or transferring stolen motor vehicles and concealing identity, and other more minor offenses.  *Id.* at 6–7.  That case was dismissed in part because Mr. Jacobo-Rosas again was deported.[2]  *See id.*

In this case, the grand jury has found probable cause to believe that Mr. Jacobo-Rosas possessed 100 grams and more of heroin, that he illegally possessed a gun, and that he reentered the United States after having been removed.  Doc. 4.  Chemical analysis of the drugs allegedly found in Mr. Jacobo-Rosas' possession indicate that Mr. Jacobo-Rosas not only possessed more than a hundred grams of heroin, but also possessed more than 200 grams of fentanyl.  Doc. 26-1.  Both drugs, of course, can be deadly.  Moreover, the truck that Mr. Jacobo-Rosas was driving when he finally was arrested on the indictment in this case was registered to his son and proposed third-party custodian, Jesus Munoz.  Doc. 26-3.  Mr. Munoz himself does not appear to be an appropriate third-party custodian as he has been arrested three times in recent years for failing to appear for court hearings or comply with specific requirements.  Doc. 26-5.  Based on Mr. Jacobo-Rosas' criminal history, the allegations in this indictment, and the additional evidence presented by the government, I find by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.

---

[2] The pretrial services report shows that Mr. Jacobo-Rosas was deported to Mexico on February 16, 2010 and March 24, 2017.  Doc. 13 at 7.

**IT IS THEREFORE ORDERED** that defendant Gabriel Jacobo-Rosas' opposed Motion for Pretrial Release (Doc. 23) is DENIED.

DATED this 10th day of February 2021

_____
Laura Fashing
United States Magistrate Judge