UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. **1:20-cr-01693-DHU**

  -vs-

GABRIEL JACOBO-ROSAS,

        Defendant.

## ORDER DENYING MOTION TO SET CONDITIONS OF RELEASE

**THIS MATTER** is before the Court on defendant Gabriel Jacobo-Rosas' opposed Motion to Set Conditions of Release, filed on January 27, 2022.[1]  Doc. 85.  The United States opposes the motion.  Doc. 89.  Mr. Jacobo-Rosas did not file a reply.  The Court denies Mr. Jacobo-Rosas' motion for the following reasons.

Mr. Jacobo-Rosas originally was charged in a criminal complaint that was filed on November 13, 2019.  Doc. 1.  The complaint charged Mr. Jacobo-Rosas with reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b).  *Id.* at 1.  The complaint explained that Mr. Jacobo-Rosas had been encountered at the Santa Fe County Detention Center under the

---

[1] Although this motion was filed on January 27, 2022, I did not become aware of it until March 16, 2022.  I then was out of the office beginning March 17, 2022, and did not return until March 28, 2022.  Although the motion clearly states at the top that the motion is "For a Ruling by the Honorable Laura Fashing, U.S. Magistrate Judge," the motion was not forwarded to me until March 16, 2022, and likely was overlooked because of the reassignment of this case from Judge Browning to Judge Urias on February 15, 2022.  Attorneys are encouraged to call the Clerk's Office for Magistrate Judge criminal matters to inquire about pending motions if they are not decided promptly.  The Court apologizes for the delay in ruling on this motion.

alias Jose Valdez, but that a comparison of photographs and other identifying information indicated that the defendant's true name was Gabriel Jacobo-Rosas. *Id.* at 2–3. The complaint also stated that Mr. Jacobo-Rosas had been arrested on November 1, 2019, for trafficking a controlled substance, that he had been released from the Santa Fe County Detention Center and placed on electronic monitoring on November 3, 2019, and that two days later Mr. Jacobo-Rosas removed his electronic monitoring device and was considered a fugitive. *Id.* at 3–4.

On September 10, 2020, a federal grand jury returned an indictment against Mr. Jacobo-Rosas, charging him with possession with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(5)(A), 922(g)(9), and 924; and reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Mr. Jacobo-Rosas was arrested on the indictment on October 9, 2020. Doc. 7. According to the United States, Mr. Jacobo-Rosas attempted to flee when the United States Marshals Service executed the federal arrest warrant. Doc. 89 at 5. The government also asserts that he swung at one of the arresting officers when he was apprehended. *Id*.

Mr. Jacobo-Rosas came before the Court for a detention hearing on October 21, 2020.[2] At the hearing, Mr. Jacobo-Rosas waived his right to a detention hearing and agreed to be detained, although he reserved his right to ask the Court to review the detention order and set conditions of release. Doc. 18. Based on this waiver, the Court detained Mr. Jacobo-Rosas because he had not rebutted the presumption that he should be detained under 18 U.S.C. § 3142(e)(3).

---

[2] Mr. Jacobo-Rosas asked for a continuance from October 16, 2020. Doc. 14.

More than a year ago, Mr. Jacobo-Rosas moved for his release.  Doc. 23.  The Court denied that motion because "the evidence is overwhelming that Mr. Jacobo-Rosas poses a serious risk of non-appearance."  Doc. 29 at 3.  It also found "by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community."  *Id.* at 4.  Mr. Jacobo-Rosas did not appeal the Court's ruling.

In November of last year, a federal grand jury returned a superseding indictment against Mr. Jacobo-Rosas.  Doc. 73.  The superseding indictment charges Mr. Jacobo-Rosas with possession with intent to distribute 40 grams and more of fentanyl and 100 grams and more of heroin, both in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(5)(A), 922(g)(9), and 924.  Doc. 73.

Mr. Jacobo-Rosas now seeks release because of the length of time he's been in pretrial detention.  *See* Doc. 85.  Mr. Jacobo-Rosas has been detained since mid-October 2020, or nearly 18 months.  His trial is set for August 1, 2022, Doc. 97, having just been continued at his request, *see* Doc. 96.  He argues that "the Due Process Clause of the United States Constitution permits the Court to review the Order of Detention."  Doc. 85 at 5.

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Although pretrial detention for regulatory purposes "does not constitute punishment before trial in violation of the Due Process Clause," *United States v. Salerno*, 481 U.S. 739, 748 (1987), the Tenth Circuit has recognized that at some point, pretrial detention may become so protracted as to violate due process and require release.  *See Theron*, 782 F.2d at 1516 (explaining that "valid

3

pretrial detention assumes a punitive character" and therefore "may violate due process" "when it is prolonged significantly"); *see also United States v. Briggs*, 697 F.3d 98, 103 (2d Cir. 2012) (recognizing that lengthy detentions can implicate due process concerns, stating that "the Constitution imposes no bright-line limit on the length of pretrial detention," and expressing concern about a nearly 26-month detention).

Due process is a case-specific inquiry, as is the question as to whether pretrial detention has become punitive. *Theron*, 782 F.2d at 1516. The factors relevant to determining whether the length of pretrial detention has exceeded constitutional limits are (1) the length of the detention; (2) the extent to which the prosecution is responsible for the delay of trial; and (3) the strength of the evidence on which detention is based. *United States v. Dermen*, 779 F. App'x 497, 506–07 (10th Cir. 2019) (citing *Briggs*, 697 F.3d at 101). "The longer the detention, and the larger the prosecution's part in prolonging it, the stronger the evidence justifying detention must be if it is to be deemed sufficient to justify the detention's continuance." *Briggs*, 697 F.3d at 101.

First, there is no question that the length of detention in this case is troubling. Mr. Jacobo-Rosas will have spent nearly 22 months in pretrial detention by the time his case goes to trial in August. However, there is no bright-line rule that limits the length of detention, and the Tenth Circuit has upheld detention of up to 34 months. *See United States v. Peters*, 28 F.3d 114 (Table); 1994 WL 325419, at *1 (10th Cir. 1994) (unpublished). Mr. Jacobo-Rosas has not cited any Tenth Circuit case that has held that a 22-month period of pretrial detention violates due process, *see* Doc. 85, nor has the Court found such a case.

Second, the defendant admits that that prosecution is not responsible for the delay of the trial in this case. Doc. 85 at 5 ("the United States Attorney's Office for the District of New Mexico has played no part in contributing to the 15-month per[i]od of incarceration which

4

implicates the Due Process Clause").  He nevertheless argues that the government should bear the consequences of the Court failing to appoint conflict-free counsel—after he fired his first three attorneys.  This delay, though, was slightly more than two months.  The attorney who had a conflict was appointed on October 22, 2021, and on December 12, 2021, he promptly moved to withdraw after having discovered an actual conflict.  *See* Docs. 59, 80.  The Court granted the motion to withdraw on December 29, 2021, Doc. 82, and current counsel was appointed a day later, Doc. 83.  The vast majority of the other delays were the result of Mr. Jacobo-Rosas being unable to work with his attorneys and requesting continuances so that his new attorneys can become familiar with the case.  Mr. Jacobo-Rosas cites no authority for holding the prosecution responsible for the Court having appointed counsel who later discovered a conflict.  The Court finds that the prosecution is not responsible for the delay in the trial.

Third, the strength of the evidence on which detention was based is robust.  As Mr. Jacobo-Rosas acknowledges, Doc. 85 at 11, he was released from custody on state charges related to this case and immediately absconded from supervision and failed to appear for a state court proceeding, Doc. 13 at 7.  He remained a fugitive for nearly a year until he was arrested on the federal indictment.  Even then he attempted to evade the law enforcement officers executing the arrest warrant.  *See* Doc. 89 at 5.  Further, he was using an assumed name when he was arrested on the state trafficking charges, *see* Doc. 1 at 2–3, most likely so that law enforcement would not discover that he is in the United States illegally.  Mr. Jacobo-Rosas knows that he probably will be removed from the United States after serving any term of imprisonment, which increases his incentive to avoid appearing at future Court proceedings.  The evidence still is overwhelming that Mr. Jacobo-Rosas poses a serious risk of non-appearance.

With respect to danger to the community, Mr. Jacobo-Rosas' criminal history is not insignificant.  In 1999, Mr. Jacobo-Rosas was involved in an incident that resulted in the death of a child.  Doc. 13 at 5.  Mr. Jacobo-Rosas was driving a vehicle while under the influence of intoxicating liquor or drugs and then was involved in an accident which resulted in the death of a child riding in his car.  *See id.*  In 2004, he was arrested for driving under the influence, but was only convicted of three more minor offenses.  *Id.*  In 2008, he was convicted of assault against a household member.  *Id.* at 6.  In 2014, he was convicted in this Court of reentry of a removed alien.  *Id.*  Mr. Jacobo-Rosas was arrested in 2016 for receiving or transferring stolen motor vehicles and concealing identity, and other more minor offenses.  *Id.* at 6–7.  That case was dismissed in part because Mr. Jacobo-Rosas again was deported.[3]  *See id.*  In this case, Mr. Jacobo-Rosas has been indicted on two B-level drug offenses, each of which carry a minimum mandatory sentence of five years, in addition to a 924(c)-gun count, which carries an additional minimum mandatory sentence of five years consecutive to any sentence on the drug offenses. *See* 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(c)(1)(A)(1).  All three offenses carry a rebuttable presumption that Mr. Jacobo-Rosas should be detained pending his trial.  18 U.S.C. §§ 3142(e)(3)(A), (B).  In addition, the government's evidence with respect to these three offenses appears to be strong.  *See* Doc. 89 at 19–20.  Clear and convincing evidence continues to show that no condition or combination of conditions of release will reasonably assure the safety of the community.

Although Mr. Jacobo-Rosas argues that residing at La Pasada Halfway house under "lock down" would ameliorate any risk of nonappearance or danger to the community, La Pasada is

---

[3] The pretrial services report shows that Mr. Jacobo-Rosas was deported to Mexico on February 16, 2010, and March 24, 2017.  Doc. 13 at 7.

not custodial, and defendants often walk away from the facility.  Mr. Jacobo-Rosas has

purposely absconded from supervision and evaded law enforcement in the past, and he has

provided no reason for the Court to expect that he would behave differently if released.

**IT IS THEREFORE ORDERED** that defendant Gabriel Jacobo-Rosas' Opposed

Motion to Set Conditions of Release (Doc. 85) is DENIED.

DATED this 2nd day of April 2022

_____
Laura Fashing
United States Magistrate Judge

7