UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   No. CR 20-1693 DHU

GABRIEL JACOBO-ROSAS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ON UNITED STATES' OPPOSED MOTION FOR RECONSIDERATION**

**THIS MATTER** is before the Court on the United States' Opposed Motion for Reconsideration ("Motion"). *See* Doc. 129. Defendant filed his Response in Opposition. *See* Doc. 148. On January 3, 2023, the Court heard argument on the Motion. *See* Doc. 153. Having reviewed the parties' pleadings, arguments, and the applicable law, this Court **DENIES** the United States' Motion.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Grounds that warrant granting a motion to reconsider "include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* The term manifest injustice "is commonly defined as [a] direct, obvious, and observable error in a trial court[.]" *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (citation and

1

quotation marks omitted).  "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'" *Id*. (quoting *Shirlington Limousine & Transp., Inc. v. United States,* 78 Fed. Cl. 27, 31 (2007)).

Here, the United States asks the Court to reconsider one finding in its September 6, 2022 Memorandum Opinion and Order on Motion to Suppress (Doc. 123).  *See* Doc. 129 at 1.  Specifically, the United States asks the Court to "reconsider its finding that Santa Fe Police Department Officer Erasmo Montijo's testimony about smelling alcohol on Defendant's breath during a roadside stop – despite Defendant's admission that he had been drinking – was not credible."  Doc. 129 at 1.  The United States seeks this relief because it is concerned that this finding "visits an unnecessary injustice upon Officer Montijo."  *Id.*  The Government argues there are "myriad logical explanations for why one person smells something that another did not short of concluding that Officer Montijo was not a credible witness."  *Id.* at 5.  In response, Defendant argues that the United States' concern for the effect of the finding on Officer Montijo is "not a proper purpose for the Court to consider" given the Court's "duty to evaluate the facts before it and not consider collateral consequences to third parties."  Doc. 148 at 3-4.

The Court has carefully considered the United States' Motion but finds that neither the law nor the Government's arguments in support of its Motion warrant reconsideration in this case. There has been no intervening change in the controlling law since the Memorandum Opinion and Order at issue was entered, no new evidence previously unavailable to the parties has been presented, and no clear error or the need to prevent manifest injustice has been shown.  In making this determination, the Court emphasizes that it did not find that Officer Montijo was not a credible witness (*i.e.*, that he was being untruthful or deceptive).  Instead, as the Court noted, Officer

Montijo was a "generally credible witness." Doc. 123 at 5, n.9. Nevertheless, the Court found that "[b]ecause Officer Martinez did not smell alcohol then, when Defendant was sitting in the confined space of his vehicle, the Court does not find Officer Montijo's testimony [that he smelled alcohol on the Defendant's breath later during the stop while standing outside] to the contrary to be credible." *Id.* at 26, n.18. Again, the Court was not implying that Officer Montijo was purposefully lying, but instead questioned the reliability of his statement given that the stopping officer did not note the smell of alcohol when his face was only inches from Defendant as Defendant sat in the confined space of his automobile.

**IT IS THEREFORE ORDERED** that the United States' Opposed Motion for Reconsideration (Doc. 129) is **DENIED.**

**IT IS SO ORDERED.**

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE